1   Scott Edelsberg, Esq.
2   **EDELSBERG LAW, P.A.**
    Cal Bar No. 330990
3   1925 Century Park E, Ste 1700
    Los Angeles, CA 90067-2740
4   scott@edelsberglaw.com
5
6   *Attorneys for Plaintiff and Proposed Class*
7                    **UNITED STATES DISTRICT COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**
9
    RACHEL SCOTT, on behalf of              Case No. 2:25-cv-03446-AB (Ex)
10  herself and all others similarly
    situated,                               **PLAINTIFFS' OPPOSITION TO**
11                                          **DEFENDANT'S MOTION TO**
                                            **DISMISS**
12              Plaintiff,
13
            v.
14
15  CAMUTO IPCO, LLC d/b/a VINCE
    CAMUTO,
16
                Defendant.
17
18
19
20
21
22
23
24
25
26
27
28
─────────────────────────────────────────────────
       OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND FACTUAL BACKGROUND ................................... 1

II.  STANDARD OF REVIEW ............................................................. 3

III. ARGUMENT .......................................................................... 4

   A.  Plaintiff's Statutory UCL, FAL, and CLRA Claims Do Not Fail ................. 4

      1.  Defendant's Automatic Addition of the Route Shipping Protection Fee is a Negative Option and Deceptive ....................................... 4

      2.  Plaintiff Plausibly Alleges that Defendant's Automatic Inclusion of the Route Shipping Protection Fee is Deceptive Under the Reasonable Consumer Standard ........................................................... 12

   B.  Plaintiff Alleges Fraud With Particularity to Satisfy Rule 9(b) .................. 17

   C.  Plaintiff Does Not Bear the Risk of Loss During Shipment ....................... 19

   D.  Plaintiff Plausibly Alleged Reliance ............................................... 19

   E.  Plaintiff's Unjust Enrichment Claim Is Sufficiently Pled ......................... 21

IV. CONCLUSION ........................................................................ 22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arnold v. Hearst Mag. Media, Inc.*, No. 19-CV-1969-WQH-MDD, 2021 WL 48834 (S.D. Cal. Feb. 10, 2021) ........................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................... 3

*Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915 (N.D. Cal. 2013) ....................... 22

*Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469 (N.D. Cal. 2021) ..................................................................................... 22

*Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644 (1993) ............................... 20

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007)......... 20

*Cemetery Bd. v. Telophase Soc'y of Am.*, 87 Cal.App.3d 847 (1978)................... 16

*Charbonnet v. Omni Hotels & Resorts*, No. 20-cv-01777, 2020 WL 7385828 (S.D. Cal. Dec. 16, 2020) ....................................................................... 8

*Consentino v. Bridgestone Retail Operations, LLC*, No. 0:24-CV-60703, 2024 WL 3983985 (S.D. Fla. Aug. 29, 2024)...................................................... 7

*Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*, 698 F. Supp. 3d 1210 (E.D. Cal. 2023) ................................................................................. 21

*ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ....................... 22

*Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114 (9th Cir. 2013) ........... 3

*Hudson Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767

(C.D. Cal. May 19, 2025)................................................................ 6, 12

*In re Amazon Service Fee Litig.*, 2024 WL 3460939 (W.D. Wash. Jul. 18, 2024).. 7

*Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067 (D. Minn. 2015), as amended

(Apr. 15, 2015) ................................................................................ 5

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005),

aff'd, 252 Fed. Appx. 777 (9th Cir. 2007) .................................... 20

*LeGrand v. Abbott Laboratories*, 655 F. Supp. 3d 871 (N.D. Cal. 2023)........ 18, 19

*Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007) ...... 13

*Lundbom v. Schwan's Home Serv., Inc.*, No. 3:18-cv-02187, 2020 WL 2736419

(D. Or. May 26, 2020)................................................................. 10, 11

*Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020)............................ 4

*Moran v. Edgewell Personal Care, LLC*, No. 21-cv-07669-RS, 2022 WL 3046906

(N.D. Aug. 2, 2022) .................................................................... 20

*Navarro v. SmileDirectClub, Inc.*, No. 22-cv-00095, 2022 WL 1786582

(N.D. Cal. June 1, 2022) ................................................................ 9

*Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017).................................................... 3

*Rejoice! Coffee Co., LLC. v. Hartford Fin. Servs. Grp.*, Inc., No. 20-CV-06789-

EMC, 2021 WL 5879118 (N.D. Cal. Dec. 9, 2021) .......................... 22

*Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613, 2020 WL 1245130, (N.D. Cal. Mar. 16, 2020) .................................................................. 13

*Seagull v. WinRed, Inc.*, No. X07HHDCV226154527S, 2023 WL 4322714 (Conn. Super. Ct. June 28, 2023) ...................................................... 7

*Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)............................................. 4

*Snow v. Nectar Brand, LLC*, No. 22-cv-07912, 2023 WL 2558544 (C.D. Cal. Mar. 2, 2023) ...................................................................... 10

*Stathakos v. Columbia Sportswear Company*, No. 15-cv- 04543-YGR, 2016 WL 1730001 (N.D. Cal. May 2, 2016) ........................................................ 20

*Steinberg v. Icelandic Provisions, Inc.*, No. 21-cv-05568, 2022 WL 220641 (N.D. Cal. Jan 25, 2022) .................................................................. 13

*Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, No. 3:20-cv-01082, 2020 WL 7226440 (S.D. Cal. Dec. 8, 2020)................................................... 18

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009 (N.D. Cal. 2012)................................................................................ 19

*U.S. v. MyLife.com, Inc.*, 499 F. Supp. 3d 757 (C.D. Cal. 2020) ............................ 5

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)............................ 18

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2009) ............................ 13

*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117 (C.D. Cal. 2010) ................. 14

**Rules**

Cal. Civ. Code § 1770(29)(A) ................................................................. 15

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

v

Plaintiff Rachel Scott ("Plaintiff") hereby submits this response in opposition to Defendant's Motion to Dismiss ("Motion" or "Mot."), at ECF No. 23-2. Defendant Camuto IPCo, LLC's ("Camuto" or "Defendant") challenges the sufficiency of Plaintiffs' allegations under Federal Rule of Civil Procedure 12(b)(6) and 9(b). Because Plaintiff has plausibly stated claims for relief, and alleged fraud with particularity, Defendant's Motion should be denied.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

This action challenges Defendant's deceptive and unfair practice of surreptitiously tacking on "Route Package Protection" fees (the "Route Fee") to all orders placed through its website without consumers' consent. Specifically, Defendant: a) automatically adds the Route Fee to consumers' carts without their permission and does not disclose the added Route Fee until the very last step in the multi-step purchasing process; and b) misleads consumers through the ambiguous naming and description of the Route Fee itself. Defendant's automatic, pre-checked imposition of the Route Fee falls squarely within the definition of a "negative option" and is inherently deceptive under California's consumer protection statutes.

In its Motion to Dismiss ("Motion"), Defendant attempts to excuse its conduct by pointing to two purported disclosures on the checkout page. But these minimal and inconspicuous references do not cure the misleading nature and addition of the Route Fee. Simply put, burying a preselected, unfamiliar charge on the final

checkout screen—after consumers have already spent significant time completing their purchase—does not amount to meaningful disclosure or valid consent.

Defendant also attempts to shield its conduct under the California Fair Pricing Law ("CFPL"), Cal. Civ. Code § 1770(a)(29), by claiming the Route Fee qualifies as an exempt shipping charge or optional service. This argument fails as well. The plain text of the CFPL does not support Defendant's position. Nowhere does the statute mention "insurance," "package protection," or any similar language when defining permissible shipping-related charges. Defendant's conflation of shipping with insurance is not only legally unsupported—it reflects the very type of consumer deception that the CFPL was enacted to prevent.

Further, while Defendant contends that the Route Fee is "optional," it is not presented to consumers as such. Rather, Defendant creates the false impression that the Route Fee is mandatory through a series of misleading design choice. For instance, the Route Fee is preselected and automatically added to consumers' carts without explanation or their affirmative consent. There is no clear indication that the fee can be removed, and the corresponding checkbox—if it exists—is inconspicuously placed on the final payment screen. Presenting an optional charge in a manner that obscures the ability to avoid it misleads consumers and violates the CFPL's prohibition on hidden or deceptive fees.

Accordingly, Defendant's Motion should be denied.[1]

## II.    STANDARD OF REVIEW

In ruling on a motion to dismiss, "[t]he court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), dismissal is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "Conclusory allegations of law . . . are insufficient . . . ." *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662.

---

[1] In the event the Court finds any of Plaintiff's claims subject to dismissal, Plaintiff respectfully requests leave to amend the Amended Complaint to address and cure any deficiencies identified by the Court.

When claiming violations of the CLRA and UCL, to satisfy Rule 9(b), plaintiffs must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.,* 966 F.3d 1007, 1019 (9th Cir. 2020). Additionally, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

## III.    ARGUMENT

### A. Plaintiff's Statutory UCL, FAL, and CLRA Claims Do Not Fail

Defendant asserts that Plaintiff's claims under the UCL, FAL, and CLRA should be dismissed because Defendant adequately disclosed the Route Fee and Plaintiff's allegations fail to satisfy the reasonable consumer standard. Mot. at 8. These arguments are without merit.

#### 1. Defendant's Automatic Addition of the Route Shipping Protection Fee is a Negative Option and Deceptive

At the core of Plaintiff's claims is a straight forward allegation: Defendant surreptitiously tacks on the Route Fee to all orders made on its website without consumers' consent. Amended Complaint ("Compl."), ECF No. 14 ¶ 1. Specifically, the Route Fee is automatically added to consumers' carts without obtaining consumers' affirmative consent. *Id*. ¶ 43. This practice constitutes what courts refer

to as a "negative option," which is defined as "'an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer.'" *U.S. v. MyLife.com, Inc.*, 499 F. Supp. 3d 757, 761 (C.D. Cal. 2020) (quoting 16 C.F.R. § 310.2(w)).

Defendant's automatic, pre-checked imposition of the Route Fee falls squarely within this definition and is inherently deceptive under California's consumer protection statutes. Negative options, like the one found here, are routinely found to violate California law. In *Khoday v. Symantec Corp.*, the court addressed identical conduct. *Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067, 1073 (D. Minn. 2015), as amended (Apr. 15, 2015). There, the defendants' "[d]ownload insurance" was automatically added to a customer's online shopping cart at the time a customer purchased Norton software through Symantec's website. *Id*. To avoid purchasing the "Download insurance," a customer would have to affirmatively "opt out" of the download insurance purchase and remove it from the cart. *Id*. The court in *Khoday* denied Symantec's summary judgment motion on plaintiff's California consumer protection claims, finding a genuine issue of material fact as to whether the automatic inclusion of the charge in the shopping cart was deceptive. *Id*. at 1087.

The same reasoning applies here. Defendant automatically adds the Route Fee to consumers' carts without clear disclosure or consent, just as in *Khoday*.

In response, Defendant argues that it clearly, conspicuously, and repeatedly disclosed the Route Fee, Mot. at 9. In reality, Defendant carefully structured its website to avoid obtaining affirmative consent to the fee. Defendant also obscures the mechanism for consumers to remove the charge. Compl. ¶¶ 3, 47. Specifically, when consumers add an item to their cart, the price displayed excludes the Route Fee. *Id*. ¶ 22. Only at the final payment screen is the Route Fee displayed as a line item of consumers' carts, as if they made an affirmative decision to add the Route Fee, just as they would add any other item from the website. *Id*. ¶¶ 40, 50. Whether a reasonable consumer would have been deceived under these circumstances is a question of fact that should not be decided on a motion to dismiss. *See Hudson Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767 (C.D. Cal. May 19, 2025).

Courts routinely hold that pre-checked boxes, like those employed by Defendant, are plausibly deceptive. *See, e.g., Arnold v. Hearst Mag. Media, Inc.*, No. 19-CV-1969-WQH-MDD, 2021 WL 48834 (S.D. Cal. Feb. 10, 2021) (plaintiff plausibly stated a claim that automatic magazine renewal constituted negative option that violated CLRA and UCL); *see also Consentino v. Bridgestone Retail Operations, LLC*, No. 0:24-CV-60703, 2024 WL 3983985, at *3 (S.D. Fla. Aug. 29, 2024) (citing "negative options" cases that have been found sufficient to constitute

a deceptive or unfair practice); *Seagull v. WinRed, Inc.*, No. X07HHDCV226154527S, 2023 WL 4322714, at *4 (Conn. Super. Ct. June 28, 2023) ("the option to use default, pre-checked recurring donation boxes may be inherently misleading[.]").

Defendant cites various cases in support of its position, none of which are analogous or persuasive given the facts at issue here. First, *In re Amazon Service Fee Litig.* did not concern the CFPL and the fees in question were for optional delivery services offered by Whole Foods, a grocery store. Mot at 10; 2024 WL 3460939 (W.D. Wash. Jul. 18, 2024). In *Amazon*, the defendant disclosed a $9.95 shipping fee for Whole Foods products on the second screen of the transaction, *before* the customer selected the "add to cart" icon for a particular item, without any other deceptive design elements. 2024 WL 3460939, at *2. The court in *Amazon* concluded that Whole Foods did not engage in deceptive advertisement, because a consumer could not have reasonably expected the advertised prices of items on Defendant's website to include a fee for optional delivery service. *Id.* at *8. Conversely, here, the Route Fee is neither a shipping nor a delivery fee, and Defendant strategically misrepresented the Route Fee as unavoidable and mandatory, not optional. Unlike Whole Foods (Amazon's affiliate), whose optional delivery service was clearly supplemental to the core product, Defendant's core business necessarily involves shipping clothing and accessories. When using

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

7

Defendant's website, it would not be reasonable for consumers to assume or expect that an insurance charge would be automatically added to their cart totals, and especially not under the guise of "shipping," which is a service inherent to the nature of Defendant's business. Moreover, unlike Amazon, where fees were disclosed on two separate screens, Defendant concedes that the Route Fee is disclosed only at the final payment screen. *See* Mot. at 1.

Similarly, Defendant's interpretation of *Charbonnet v. Omni Hotels & Resorts* is inapplicable to this case. No. 20-cv-01777, 2020 WL 7385828 (S.D. Cal. Dec. 16, 2020). In *Charbonnet*, the plaintiff alleged that a mandatory "property fee" was deceptive because the fee was not disclosed until the final checkout page. *Id.* The plaintiff's claims were struck down by the fact that defendant (Omni) expressly disclosed to consumers that "the daily rate advertised does not equal the total cost of the room." *Id.* at *8. Further, the full cost of the item, including the added fees, was disclosed on the *same page* as—in fact, on the "next line" under—the price without the fees. *Id.* at *3. Thus, there was sufficient notice for a reasonable consumer to know there would be added taxes and fees to the daily rate shown. *Id.* Here, Defendant's actions, or inaction rather, amounts to little to no notice at all. Defendant again attempts to rely on its disclosure that "shipping & taxes [are] calculated at checkout," to establish that the item price did not reflect the total price. Mot. at 11. As discussed below, the Route Fee, which "provides for insurance for theft after

delivery", cannot be categorized as "shipping" and certainly not as "taxes". Mot. at 14. While the disclosure puts consumers on notice of additional fees related to the *transport* of their items and taxes, consumers were not given notice of the Route Fee, as the only provided disclosure makes no mention of additional package protection or insurance costs.[2] Unlike Omni who provided its consumers with the total price upfront, including its property fee, Defendant does not disclose the total cost of the purchase with additional fees, until the final checkout page. Accordingly, Defendant's reliance on the aforementioned case law is misplaced and faulty.

Similarly, Defendant's reliance on *Navarro, Snow, and Lundbom* is distinguishable. Mot. 10–13. The facts of each case are strikingly different from what consumers experience when making purchases from Defendant's website. To start, in *Navarro,* consumers browsing SmileDirectClub's ("SDC") website were presented with hyperlinks to SDC's terms of service, and were required to affirmatively check a box to agree to the terms of service. *Navarro v. SmileDirectClub, Inc.,* No. 22-cv-00095, 2022 WL 1786582, at *4 (N.D. Cal. June 1, 2022). The court found that by consumers checking the "I agree" box, sufficient assent was given. *Id*. at *13. In stark contrast, here, Defendant's website did *not*

---

[2] As discussed further in Section 3(A)(2), Cal. Civ. Code § 1770(29)(A) refers *only* to government-imposed taxes and fees, and shipping charges reasonably and actually incurred to deliver the good. Camuto foreshadowing the potential need for "insurance" does not fit within the clear and literal statutory language.

require consumers to affirmatively consent to the assessment of the Route Fee. Instead, Camuto automatically added the Route Fee to consumers' carts by pre-checking a box without ever requiring consumers to do anything.

Next, in *Snow*, Defendant Nectar Brand's website displayed a clear and conspicuous disclosure stating that proceeding to checkout constituted assent to the terms and conditions. *Snow v. Nectar Brand*, *LLC*, No. 22-cv-07912, 2023 WL 2558544, at *9 (C.D. Cal. Mar. 2, 2023). This disclosure was central to the court's finding that an agreement existed, and that sufficient notice was given. Here by contrast, and as alleged in the Amended Complaint, Defendant never required consumers to assent to, or even view their terms and conditions. Compl. ¶¶ 24–25. Additionally, there was no comparable disclosure at checkout that stated by proceeding with checkout, consumers were consenting to the assessment of the Route Fee. The absence of such disclosure is dispositive. Accordingly, *Snow* is inapposite and Defendant's reliance on it is misplaced.

Defendant also relies on *Lundbom v. Schwan's Home Serv., Inc.*, No. 3:18-cv-02187, 2020 WL 2736419 (D. Or. May 26, 2020), which is the only case it cites involving a pre-checked box. However, *Lundbom* involved drastically different disclosures and user experience, rendering it irrelevant. In *Lundbom,* Schwan's Home Services ("Schwan's") offered food and delivery services on its website. The plaintiff created an account using Schwan's account registration page, which

included options for consumers to receive communications from Schwan's through email or telephone. *Id.* at *5. Importantly, the registration page contained pre-checked boxes next to those options, accompanied by clear and specific disclosures explaining what the consumer was agreeing to. *Id.* at *2. Those disclosures were placed directly adjacent to the checkboxes and included a hyperlink to the full terms and were positioned directly above the "Complete Registration" button, showing that consumers could not have continued with the registration process without first seeing the disclosure. *Id.* at *17. To determine whether the pre-checked boxes qualified as affirmative consent, the court evaluated whether the website put consumers on reasonable notice of the terms and the agreement. *Id.* at *10, *12. Although the boxes were pre-checked, the court concluded that Schwan's communications disclosure next to the checkbox provided sufficient notice. By contrast, aside from the superficial similarity of a pre-checked box, Defendant Camuto's website failed to have any resemblance to Schwan's that placed consumers on reasonable notice of the terms. Although Defendant claims that Plaintiff ignored its "numerous disclosures," Defendant did not provide Plaintiff or consumers with the opportunity to ignore anything, because no conspicuous disclosures were ever made. Defendant consciously designed its website to automatically add the Route Fee to consumers' carts without a conspicuous disclosure explaining what service the Route Fee provides. Defendant's claim that it

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

disclosed the Route Fee in large font above the checkout button, and informed Plaintiff of what the Route Fee covers is incorrect. Mot. at 11. Unlike in *Londbom,* where the disclosure was visible and informative, the Route Fee showed up as line items in consumers' carts with no accompanying explanation. Only once consumers are ready to finalize their purchase does Defendant include any more information about Route, and even then, the pre-checked box is accompanied only by an inconspicuous, small "i" that consumers would first have to notice, and then have to click to even see what the Route Fee covered. This falls far short of the conspicuous and informative disclosures present in *Lundbom,* and as such, *Londbom* should not be used as a comparison.

> **2. Plaintiff Plausibly Alleges that Defendant's Automatic Inclusion of the Route Shipping Protection Fee is Deceptive Under the Reasonable Consumer Standard**

Defendant's argument rests largely on their speculation as to how a reasonable consumer would or would not perceive the preselected line item added to their cart. Mot. at 8–13. As outlined below, this argument is baseless and premature on a motion to dismiss. *See Chipotle*, 2025 WL 1443767, at *3–4.

Whether a reasonable consumer would understand that a pre-selected, line item appearing in their shopping cart, purporting to offer "shipping protection" is optional is a determination that should be resolved on the evidence – not the pleadings. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2009)

---

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

12

("[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer.") Given Plaintiff's detailed and plausible allegations of deception, this case does not present the "rare situation" where dismissal for failure to adequately allege a "reasonable consumer" would be deceived. *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613, 2020 WL 1245130, at *9 (N.D. Cal. Mar. 16, 2020) (quoting *Williams*, 552 F.3d at 939). This is because evaluating Defendant's automatic inclusion of the Route Fee's "capacity, likelihood or tendency to deceive or confuse" requires "consideration and weighing of evidence from both sides[,]" which is not possible at the pleading stage. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–34 (2007).

Defendant's own interpretation as to how a consumer perceives the pre-selected Route Fee automatically added to their cart, with an option to opt out in no relative proximity to the displayed line item, does not control. The critical question here is what the nominal shipping protection fee automatically added to a consumer's cart conveys to the reasonable consumer. The Ninth Circuit has held, if "there are two alternative explanations, once advanced by the defendant and the other advanced by the plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under 12(b)(6)." *Steinberg v. Icelandic Provisions, Inc.*, No. 21-cv-05568, 2022 WL 220641, *5 (N.D. Cal. Jan 25, 2022) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). In fact, at this stage, dismissal is only

appropriate if, "[v]iewing the facts in the light most favorable to plaintiff," it is "'***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010) (*quoting Williams*, 552 F.3d at 939) (emphasis added).

Plaintiff's allegations leave no room for adverse interpretation. Plaintiff was repeatedly informed that her cart total was $99.99. *See* Compl. ¶ 68. Unbeknownst to Plaintiff, Plaintiff's purchase surreptitiously tacked on a Route Package Protection Fee amounting of $2.75. *Id*. ¶ 70. To be clear, Plaintiff unknowingly entered into a transaction which included a pre-selected fee for a service already owed to her by virtue of the transaction and had she known the true costs of her order would have chosen another method or merchant for her purchase. *Id*. ¶¶ 69–71.

Defendant tries to escape liability by grasping at straws, attempting to convince the Court that its disclosure throughout the purchase process that "shipping & taxes [are] calculated at checkout" is clear and leaves no room for misinterpretation. Mot. at 11. Defendant's claim improperly classifies the Route Fee as part of the "shipping and taxes" disclosure, basing its entire legal analysis on this incorrect premise. Defendant boldly asserts that the recent passage of the California Fair Pricing Law (CFPL), Cal. Civ. Code § 1770(29)(A), somehow legitimizes the Route Shipping Protection Fee as neither deceptive nor unfair. Mot. at 11–12. This farfetched claim is a gross misapplication of the law. To bolster its argument,

Defendant craftily quotes language from a California case in an attempt to shift the Court's attention away from the statute's plain language: the CFPL "prohibits advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than taxes or actually incurred shipping costs." Defendant's failure to quote Cal. Civ. Code § 1770(29)(A) is no accident, as a textual interpretation completely undermines Defendant's position. Cal. Civ. Code § 1770(29)(A) states the following:

> Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either of the following: (i) Taxes or fees imposed by a government on the transaction. (ii) Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer.

Here, Defendant asserts "shipping" as a general, catch-all category, when in reality, the Legislature established a significantly narrower scope. While it would be reasonable to say that postage and carriage charges incurred to ship goods are classified as "shipping" because they are inherent and required in the shipping process, the same cannot be said for insurance. This is evident in the very fact that Defendant distinguishes the Route Fee and charges an additional cost, separate and apart from shipping. Defendant's attempt to conflate shipping and insurance as synonymous is unfounded. Moreover, Defendant argues that this conflation is somehow clearly understood by consumers despite never being disclosed to them. Throughout Defendant's Motion, it continuously refers to the Route Shipping

Protection Fee as an "insurance fee." By Defendant's own language, the fee "provides a post-delivery benefit" and "insures consumers against the 'porch pirate' problem." Mot. at 2, 14. Defendant cannot plausibly argue that the fee provides a post-delivery insurance benefit and simultaneously argue that the CFPL does not apply to the Route Fee because it is considered exempt "shipping." Defendant's position is patently flawed, as shipping charges cover only the costs directly associated with transporting goods to the consumer. A fee that provides supposed benefits after delivery, meaning after the goods have already been shipped, cannot logically be classified as a shipping charge and therefore falls squarely within the scope of the CFPL. As Defendant states in its Motion, the Court cannot override the Legislature's intent by expanding the scope of the CFPL through litigation. Ironically, this is exactly what Defendant asks the Court to do now by asserting that the CFPL includes costs for insurance, despite its omission from the statutory language. *See Cemetery Bd. v. Telophase Soc'y of Am.*, 87 Cal.App.3d 847, 858 (1978) ("[I]t is not the proper function of the courts to supply legislative omissions from a statute in an attempt to make it conform to a presumed intention of the [California] Legislature not expressed in the statutory language"). Consumers cannot be expected to have been put on notice of the Route Shipping Protection Fee because it does not fall within the category of "shipping and taxes."

Next, Defendant clings to the "mandatory" requirement of the CFPL, purporting to believe that on the simple fact that the pre-checked box for the Route Shipping Protection Fee *may* be deselected, that the fee is not mandatory and not covered by the CFPL. Mot. at 12. While the Route Fee may technically be "optional," it is certainly not advertised or presented to consumers as avoidable. Defendant creates the impression that the Route Fee is mandatory through several deceptive design choices, including but not limited to, (1) automatically adding the Route Fee; (2) preselecting to opt-in a consumer in to the Route Fee without any indication it can be unchecked; and (3) surreptitiously positioning the checkbox. Under the CFPL, the relevant question is not whether the Route Fee can be removed with some action from the consumer, but whether a reasonable consumer would understand it to be optional. Presenting an optional charge in a manner that obscures its avoidability misleads consumers and violates the statute's prohibition on hidden or deceptive fees. Accordingly, even though assessing the reasonable consumer standard is premature at this stage, Plaintiff plausibly alleges that a reasonable consumer would be deceived by Defendant's deceptive, automatic inclusion of the Route Shipping Protection Fee.

**B. Plaintiff Alleges Fraud With Particularity to Satisfy Rule 9(b)**

A claim for fraudulent or misleading advertising "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-*

1    *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing and quoting *Cooper*

2

3    *v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiff specifically alleges "who"

4    she was deceived by (Camuto) and provides the exact date, or the "when" she was

5    deceived (December 20, 2024). Compl. ¶ 67. She alleges the wrongful misconduct,

6

7    or the "what" that deceived her–Defendant automatically and surreptitiously added

8    the Route Shipping Protection Fee to her cart via the pre-checked box, and that she

9    would not have made the purchase if she had known about the additional tacked on

10

11    fees. *Id*. ¶¶ 69–70. She alleges the "where" and "how," by describing Defendant's

12    screen flow and the deceptive representations made on its website. *Id.* ¶¶ 2–3,11. In

13    doing so, Plaintiff has plainly alleged, in detail, the "who, what, where, when, and

14

15    how" required under Rule 9(b), putting Defendant on explicit notice of its

16    misconduct. *See LeGrand v. Abbott Laboratories*, 655 F. Supp. 3d 871, 895 (N.D.

17    Cal. 2023) (denying dismissal under Rule 9(b)).

18

19       Defendant's baseless claim that Plaintiff's allegations "cannot withstand

20    scrutiny" do not obfuscate Plaintiff's clear and unequivocal allegations about what

21    she saw, where she saw it, when she saw it, her reliance on it, and how it was false

22

23    and misleading. *See, e.g., Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, No.

24    3:20-cv-01082, 2020 WL 7226440, at *25 (S.D. Cal. Dec. 8, 2020), (finding 9(b)

25    was satisfied when the plaintiff provided numerous screenshots of the websites

26

27    displaying the alleged misrepresentations); *see also LeGrand*, 655 F. Supp. 3d at

28

895; *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (Plaintiff's allegations satisfied 9(b)). Here, Plaintiff overpaid for her purchase because of the surreptitious addition of the Route Shipping Protection Fee, which she did not know about, or assent to. Compl. ¶ 72. Defendant cannot reasonably claim the Complaint fails to put it on specific notice of Plaintiff's claims. Plaintiff has met her burden under Rule 9(b) by alleging all the requisite particulars of Defendant's fraudulent conduct. Therefore, dismissal is unwarranted.

### C. Plaintiff Does Not Bear the Risk of Loss During Shipment

In light of the holding in *Wilson* raised by Defendant, Plaintiff concedes that under California law the presumption in the commercial context is the risk of loss passes to carrier on delivery. Nonetheless, Plaintiff insists the method and practice of surreptitiously assessing the Route Fee is unlawful, deceptive and violative of the UCL, FAL, and CLRA.

### D. Plaintiff Plausibly Alleged Reliance

Again, Defendant attempts to use its own misinterpretation of how a reasonable consumer views the pre-selected Route Fee to invalidate Plaintiff's claims. Defendant argues that because a reasonable consumer could not have been deceived by the Route Fee, Plaintiff fails to allege reliance. Mot. at 16. Defendant's argument is readily refuted.

To adequately plead reliance for false advertising claims under California law, a plaintiff need only allege that she actually saw and read the deceptive statements. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005), aff'd, 252 Fed. Appx. 777 (9th Cir. 2007) (unpublished); *Moran v. Edgewell Personal Care, LLC*, No. 21-cv-07669-RS, 2022 WL 3046906 at *4 (N.D. Aug. 2, 2022). Similarly, a plaintiff suing under the CLRA must plead that the misrepresentation she relied upon was material to her purchasing decision. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007); *see also Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993) ("Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did.")

Despite Defendant's assertion to the contrary, the fact there is some "disclosure" of the fee prior to consummation of the transaction is not dispositive. *See Moran*, 2022 WL 3046906 at *2 ("It is inappropriate to conclude at the pleadings stage that a reasonable consumer would have interpreted" the "Reef Friendly" sunscreen label to mean that the product was only free from specific harm chemicals such as oxybenzone or octinoxate"); *Stathakos v. Columbia Sportswear Company*, No. 15-cv- 04543-YGR, 2016 WL 1730001 at *4 (N.D. Cal. May 2, 2016) (holding the question of whether reasonable consumers would understand the "Reference Price" on clothing price tags would refer to former prices for the same product rather

than comparable prices for similar products was a question not suitable for resolution on a motion to dismiss).

Here, Plaintiff alleges she relied on Defendant's representations in making her purchase. Compl. ¶ 106, 132. When Plaintiff made her purchase from www.vincecamuto.com, she did not know the Route Shipping Protection Fee existed or would be assessed, and did not know that the Route Shipping Protection Fee could be removed prior to her purchase. *Id.* ¶ 48. To be clear, Plaintiff would not have made her purchase if she knew she had to incur a Route Shipping Protection Fee. *Id.* ¶ 71. These allegations are sufficient to establish reliance. Nevertheless, whether Plaintiff's reliance was reasonable is a question for the factfinder.

### E. Plaintiff's Unjust Enrichment Claim Is Sufficiently Pled

Defendant argues that Plaintiff's claim for unjust enrichment fails for three reasons. First, Defendant claims that Plaintiff cannot bring an unjust enrichment claim because California does not allow for standalone causes of action for unjust enrichment. While it may be the case that an "action for unjust enrichment does not lie where express binding agreements exist and define the parties' rights," *Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*, 698 F. Supp. 3d 1210, 1218 (E.D. Cal. 2023), "[a]t the pleading stage, . . . "[i]t would be improper to exclude the quasi contract claim on the basis that it cannot co-exist alongside a contract remedy because the Court has yet to determine whether a contract remedy is available to

Case 2:25-cv-03446-AB-E    Document 26    Filed 08/22/25    Page 28 of 30    Page ID #:260


Plaintiff." *Id.* (internal citations omitted); *see also Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 943 (N.D. Cal. 2013) (holding that at the pleading stage "it is premature for the Court to take a position on whether this action derives from the 'same subject matter' as the agreements such that a claim for unjust enrichment is unavailable.")

Further, the Ninth Circuit "has construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). As a result, courts in this circuit routinely decline to dismiss unjust enrichment claims as premature at the pleading stage. *See Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 487 (N.D. Cal. 2021) ("The alternative [unjust enrichment] argument does not warrant dismissal at the pleadings stage either."); *Rejoice! Coffee Co., LLC. v. Hartford Fin. Servs. Grp.*, Inc., No. 20-CV-06789-EMC, 2021 WL 5879118, at *10 (N.D. Cal. Dec. 9, 2021). Thus, Plaintiff's unjust enrichment claim survives.

## IV.    CONCLUSION

The Court should deny Defendant's Motion to Dismiss because her Amended Complaint plausibly alleges facts that show Defendant's automatic assessment of the Route Fee was deceptive and unlawful and Plaintiff's fraud allegations satisfy Rule 9(b).

22

1    Dated: August 22, 2025                    Respectfully Submitted,

2

3                                              */s/ Scott Edelsberg, Esq.*
                                               Scott A. Edelsberg, Esq.
4                                              Cal Bar No. 330990
                                               scott@edelsberglaw.com
5                                              **EDELSBERG LAW,  P.A.**
6                                              1925 Century Park E, Ste 1700
                                               Los Angeles, CA 90067-2740
7                                              scott@edelsberglaw.com
                                               Tel: 305-975-3320
8

9                                              *Counsel for Plaintiff Rachel Scott*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                    OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
                                          23

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 22, 2025, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

*/s/ Scott Edelsberg*
Scott Edelsberg
